## Sweer et al. *v.* Trexler et al., Appellants.

*Agreement in writing—Lack of consideration—Mutuality—Directed verdict.*

In an action of assumpsit for breach of contract, it appeared that the defendants shipped a carload of potatoes to the plaintiffs subject to payment on arrival; that the potatoes were in poor condition when received and that the plaintiffs accepted and sold them, on the promise of defendants to pay half the loss which might be sustained on the sale. It was admitted that the defendants would have been subjected to expense, inconvenience and possible loss in asserting any right they had to collect from the plaintiffs the amount covered by their draft, and that their promise to share the loss was given for that reason. Under such circumstances, the promises in the transaction were mutual and of mutual advantage, and it was not error for the Court to direct a verdict for the plaintiffs.

Argued November 9, 1925. Appeal No. 6, October T., 1925, by defendants from judgment of C. P. Berks County, September T., 1922, No. 54, in favor of the plaintiffs in the case of Harry Sweer and William Garfinkle, a co-partnership, trading as Sweer-Garfinkle Produce Co. v. Edward A. Trexler and Frank Trexler, a co-partnership trading as A. D. Trexler's Sons. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before ENDLICH, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for the plaintiffs in the sum of $192.79, and judgment thereon. Defendants appealed.

*Error assigned* was in directing a verdict for the plaintiffs.

*J. P. Danner,* for appellant.

*Randolph Stauffer,* for appellee.

OPINION BY HENDERSON, J., December 14, 1925:

The plaintiffs were produce dealers in the city of Pittsburgh. The defendants were engaged in the shipment of potatoes, and, in the prosecution of that business, loaded a car which they forwarded to the plaintiffs subject to payment on arrival at Pittsburgh. There was a dispute between the parties with respect to the question whether the potatoes were bought by the defendants on their own account and sold to the plaintiffs, or, whether they acted merely as agents for the plaintiffs and were to have a commission of five cents a bushel for their labor and expense in collecting and shipping the merchandise. This inquiry was not regarded as material by the trial judge, however, in view of the pleadings and instruction was given to the jury in favor of the plaintiffs.

The action is based on an agreement in writing signed by the defendants, in which they promised to bear half the loss to which the plaintiffs might be subjected on account of the bad condition of the potatoes in the last car shipped. When that car arrived in Pittsburgh and was inspected the plaintiffs telegraphed to the defendants: "September 26, 1921, A. D. Trexler's Sons, Trexler, Pa. car No. 12306 arrived very poor. Call us on phone Tuesday. Reverse charge Sweer-Garfinkle Produce Company." Pursuant to this request the defendants called the plaintiffs on the telephone and agreed to sustain half the loss on the car of potatoes referred to. The next day they sent the following communication to the plaintiffs:

"Sept. 27, 1921.
Sweer-Garfinkel Produce Co.
Gentlemen:

Relative to our telephone conversation and confirming same we agree to accept 50% of loss on car pota-

toes No. 12306.   After completing unloading mail us statement and we will mail you our check to cover.

Very truly yours,

A. D. Trexler's Sons."

Relying on the defendants' promise, the plaintiffs accepted the potatoes and immediately sold the same at the best price obtainable, which was the market value at Pittsburgh, and in so doing there was a loss of $333.85 in the transaction.   The defendants admitting this state of facts seek to be relieved from their promise on the ground that there was a lack of consideration.   It is admitted, however, that the merchandise was not accepted until their promise was received by the plaintiffs.   It is also admitted that the plaintiffs relying on that promise, paid the sight draft accompanying the shipment and that the loss was as claimed in the statement.   It is also admitted that the defendants would have been subjected to expense, inconvenience and possible loss in asserting any right they had to collect from the plaintiffs the amount covered by their draft and that their promise to share the loss was given for that reason.   It appearing from the statement of claim and the admission of the defendants that the potatoes when received in Pittsburgh were in poor condition, and that the plaintiffs accepted and sold them on the promise of the defendants to stand for half the loss which might be sustained on the sale, we think it clear that the undertaking of the defendants rested upon a sufficient consideration, to wit, the acceptance by plaintiffs of the damaged merchandise and the payment therefor to the defendants on condition that the latter would assume half of any loss which might occur by reason of the inferior quality of the produce.   The promises in the transaction were mutual and of mutual advantage in the light of the admitted facts.   The court was not in error, therefore, in the instruction given to the jury.

The judgment is affirmed.